23994. WASHINGTON v. DUTTON, Warden.

ARGUED MARCH 13, 1967—DECIDED APRIL 6, 1967.

*John W. Ruffin, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellee.

COOK, Justice. Freddie Lee Washington brought a petition for the writ of habeas corpus, alleging that he was being illegally restrained of his liberty by the warden of the State Penitentiary at Reidsville, under felony and misdemeanor sentences of the Superior Court of Burke County. He alleged that he was seventeen years of age at the time he was sentenced, that he was deprived of the benefit of counsel, and was unable to obtain counsel for himself.

The appeal is from the order denying the petition for habeas corpus. It is asserted in the enumeration of errors that the trial judge erred as follows: "1. In dismissing appellant's petition for a writ of habeas corpus and quashing the writ. 2. In finding against appellant on the issue of a denial of counsel when the record in the trial court shows on its face that appellant did not have counsel. 3. In admitting in evidence, over appellant's objection, answers to interrogatories of the Honorable George Hains, Solicitor General of the Augusta Judicial Circuit, without a copy of said answers being served on appellant so that he could controvert the truth of same."

The record contains the pleas of guilty entered on the accusations against the appellant. All of these pleas are signed by the appellant and they do not have any signature by an attorney at the place on the form marked "Defendant's Attorney."

Interrogatories were submitted by the respondent to the Honorable George Hains, and his answers to these interrogatories showed that he was Solicitor General of Burke Superior Court at the time the appellant was sentenced, and was present when

the appellant pleaded guilty and was sentenced; that H. Cliff Hatcher, of Waynesboro, was appointed as counsel for the appellant, and such counsel was present when the appellant pleaded guilty to the charges against him and when he was sentenced.

"Where a habeas corpus proceeding is instituted for the release of a prisoner upon the grounds that he was deprived of his constitutional rights of the benefit of counsel and of trial by jury, and there is an issue of fact on the allegations made by the movant, the trial judge becomes the trior; and where there is ample evidence to support his judgment, it will not be set aside." *Mathis v. Scott,* 199 Ga. 743 (2) (35 SE2d 285); *Walling v. Harris,* 210 Ga. 97 (1) (78 SE2d 7).

The answers to the interrogatories were sufficient to show that the appellant was not denied the benefit of counsel, and the trial judge did not abuse his discretion in remanding the appellant to the custody of the respondent.

We can not consider the contention that it was error to admit in evidence the answers of the Honorable George Hains to the interrogatories submitted to him, over the objection of appellant, since the record does not show what objection was made to this evidence at the time it was introduced.

*Judgment affirmed. All the Justices concur.*