**Chester Clifton DOUGHTY, Appellant,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 25144.**

United States Court of Appeals Fifth Circuit.

June 19, 1968.

---

William B. Portis, Jr., Sam W. Bostick, Houston, Tex., for appellant.

Robert E. Owen, Lonny F. Zwiener, Asst. Attys. Gen., Crawford C. Martin, Atty. Gen., of Texas, Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Assistant, R. L. Lattimore, Howard M. Fender, Asst. Attys. Gen., Austin, Tex., for appellee.

Before COLEMAN and GODBOLD, Circuit Judges, and RUBIN, District Judge.

COLEMAN, Circuit Judge:

After a full evidentiary hearing the District Court dismissed Doughty's multifaceted habeas corpus petition. We affirm.

The Court found that Doughty went to a jewelry store, bought a Polaroid camera, paid for it with a worthless check, and immediately pawned the camera for $25. The state grand jury subsequently returned an indictment for "theft by false pretext". The indictment also alleged two prior felony convictions for the purpose of enhancing the punishment, Article 63, Vernon's Ann. Texas Penal Code, mandatorily requiring a life sentence in such cases. The counts charging these prior convictions were dismissed and Doughty then pleaded guilty to the remainder of the charge. This plea was accepted and he was sentenced accordingly.

■ It is now argued that the evidence offered (under Texas procedure) to support the plea of guilty was insufficient to establish the offense. Because an attack on the sufficiency of the evidence to support a state court conviction raises no federal constitutional question, we cannot consider this contention,

Fernandez v. Klinger, 9 Cir., 1965, 346 F.2d 210, cert. denied 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152 (1965).

For the sake of clarity, however, we deliberately indulge in dictum to express the view that the facts did support the indictment, Walker v. State, 160 Tex.Cr. R. 383, 271 S.W.2d 286 (1954).

■ It is next said that the conviction is constitutionally defective because Doughty was a chronic alcoholic and, therefore, his imprisonment amounts to cruel and unusual punishment. Undoubtedly, Doughty is a chronic alcoholic, but a doctor from the Veterans Administration testified that he nevertheless knew the difference between right and wrong. This is not a case in which the appellant is being punished for his status as an alcoholic or an addict, e. g. Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). We adhere to what this Court said in Bailey v. United States, 386 F.2d 1 (1967):

> "The [*Robinson*] holding was limited to the criminality of addiction, and the Court said there is no constitutional objection to punishment for the 'unauthorized manufacture, prescription, sale, purchase, or possession of narcotics'."

> \*   \*   \*   \*   \*   \*

> "It would appear that an element of reasoned choice yet exists when an addict knowingly violates the law in acquiring and using drugs. One is not excused for offending simply because he wants to very, very badly. (386 F.2d at 4)."

We hold that chronic alcoholism, standing alone, raised no defense of constitutional proportions for obtaining the goods of another by false pretenses.

■ As to the argument that the defendant should have been present when the recidivist counts were dismissed, the District Court found that this was purely a ministerial act [previously agreed upon by the prosecution and the defense], inuring altogether to the advantage of the prisoner. We agree, Williams v. Beto, 5 Cir., 1965, 354 F.2d 698.

The presiding judge was disqualified to enter the order of dismissal, since he had prosecuted one of the recidivist counts, so he referred that action to another judge, who executed the formalities. This presents no occasion for the interference of the federal courts by habeas corpus, Beto v. Sykes, 5 Cir., 1966, 360 F.2d 411.

■■ Appellant was represented by court appointed counsel in the state court. It is agreed that this attorney conferred with Doughty for not more than fifteen minutes prior to making the arrangements which dissipated a life sentence prosecution and resulted in the guilty plea aforesaid. We reiterate the well entrenched rule that in order to render effective assistance counsel must devote time sufficient to insure an adequate defense. The defense attorney testified, however, that Doughty appeared to be normal, knew what he was doing, was fully informed of his rights, including a jury trial, and agreed to the disposition of the case. Moreover, counsel testified that petitioner promptly admitted the facts which caused his prosecution. The District Court found as a fact that state defense counsel did the best he could for petitioner. Applying the clearly erroneous rule, F.R.Civ.P. 52(a), we sense no abiding conviction that the District Judge was wrong. When the proof shows that a defendant is fully informed of his rights, admits his guilt, and is relieved of the likelihood of a life sentence, we cannot condemn the efforts of an attorney as being ineffective. The time spent is only one of the elements to be considered and the totality of the facts may not be over-ridden by a judicial stop watch.

We see no merit in the contentions presented as to the denial of bail pending trial (the appellant being then in custody under a sentence for a misdemeanor) or in the contention that he was improperly deprived of the use of his spectacles.

We congratulate counsel for this petitioner for the vigorous efforts they have

exerted in his behalf. They have left no stone unturned. When we recall that, despite the "miracles" sometimes accomplished by habeas corpus, there are convictions from which there is no escape, of which this is one, they stand clear of criticism.

Affirmed.