**George ZARZOUR, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 26954.**

United States Court of Appeals
Fifth Circuit.

March 27, 1969.

---

* The Honorable Francis C. Whelan, United States District Judge, Central District of California, sitting by designation.

N. P. Callahan, Jr., William B. Mc-Collough, Jr., Birmingham, Ala., for appellant.

Charles L. Goodson, U. S. Atty., Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and DYER, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and notify the parties in writing.[1] The case will be disposed of on the basis of the briefs and record without oral argument.

Appellant George Zarzour is presently serving a fifteen-year sentence for bank robbery in federal penitentiary. His motion to vacate sentence pursuant to 28 U.S.C. § 2255 was dismissed without hearing by the court below on the ground that his allegations had been disposed of by the decision affirming his conviction on direct appeal, 382 F.2d 1015, and by the supplemental per curiam opinion rendered by the same panel on motion for rehearing, 391 F.2d 598.

The allegation of ineffectiveness of counsel was raised for the first time by newly retained counsel in the motion for rehearing filed after the decision on direct appeal. The Court held that nothing in the trial record suggested incompetent or ineffectiveness of counsel. Since the allegations of ineffective counsel in Zarzour's 2255 petition reflected a desire on his part to bring in matters outside the trial record, we think that a hearing should have been afforded him in the court below. Machibroda v. United States, 1962, 368 U.S. 487, 494, 82 S.Ct.

510, 514, 7 L.Ed.2d 473, 476. Although the allegations of ineffective counsel seem improbable, we are not persuaded that the motion for rehearing on the direct appeal was an adequate substitute for an evidentiary hearing on the motion to vacate sentence. Accordingly, the judgment of the court below is vacated and the case remanded for a hearing.

---

1. Under Rule 18 the Court has placed this case on the summary calendar for disposition without oral argument. See

Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I [March 11, 1969].