**Jimmy A. FOSTER, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 27306.**

United States Court of Appeals
Fifth Circuit.

July 8, 1969.

Fred Lohmeyer, Dallas, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen., Dunklin Sullivan, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., W. V. Geppert, Staff Legal Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM and CARSWELL, Circuit Judges and ROBERTS, District Judge.

PER CURIAM:

In 1961, Jimmy Foster was indicted in the Criminal District Court of Dallas County, Texas, on one charge of robbery

by firearms and two charges of robbery by assault. Foster pleaded not guilty to the charge of robbery by firearms. The jury found him guilty and sentenced him to thirty-five years imprisonment in the state penitentiary. Foster then pleaded guilty to the two charges of robbery by assault. The court sentenced him to fifty-years imprisonment on each charge. All three sentences were to run concurrently. Foster did not appeal from these convictions and sentences.

In 1967, Foster applied for a writ of habeas corpus in the Criminal District Court of Dallas County, Texas. The court held a plenary hearing and entered findings of fact and conclusions of law denying Foster's application. The Court of Criminal Appeals of Texas affirmed the Criminal District Court's decision without written opinion. The district court below denied Foster's application for a writ of habeas corpus, holding that he had received a fair hearing in the state court and that the state court's findings were supported by the record.

Foster presents two arguments in this appeal. (1) He was denied effective assistance of counsel in his state court convictions. (2) He did not knowingly and intelligently waive his ten-day trial preparation period. Foster contends that he was denied effective counsel since his lawyer was appointed only two days before the trial began. As evidence of his ineffectiveness, Foster points to his thirty-five year sentence.

■ In considering the question of effective assistance of counsel, this court formulated the following standard:

It has been specifically held that a charge of ineffective assistance by appointed counsel should not be sustained unless it very clearly appears well grounded. * * * It has been held

that lack of effective representation by counsel means representation so lacking in competence that it becomes the duty of the court or the prosecution to observe and correct it. * * * It is the general rule that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation

Williams v. Beto, 5 Cir. 1965, 354 F.2d 698, 704. In determining whether Foster's representation was effective, we must consider the totality of the facts; the time spent is only one of the elements. Doughty v. Beto, 5 Cir. 1968, 396 F.2d 128.

■ On review of the record as a whole we are unable to say that the district court clearly erred in finding that Foster received adequate representation in his state court convictions. There was ample credible testimony that Foster's lawyer adequately acquainted himself with the criminal law and with Foster's particular case. Foster received a thirty-five year sentence, but in plea bargaining the State had insisted on seventy-five to ninety-nine years for a guilty plea. Under Texas law, Foster could have received the death penalty for armed robbery.[1] The State's evidence consisted of the testimony of one eye witness and the testimony of the victim.

■ Second, Foster argues that he did not knowingly and intelligently waive his ten-day trial preparation period. There was adequate testimony that Foster's lawyer fully informed him of his

---

1. Vernon's Ann.Tex.Pen.Code Art. 1408 (1953):

   If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be pun-

   ished by confinement in the penitentiary for life, or for a term of not less than five years; and when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years.

right to wait ten days before trial and that Foster nevertheless decided to go on and get the trial over. We hold that the distict court's finding that Foster knowingly waived the ten-day period is supported by the record as a whole.

Affirmed.