John Thomas EVANS, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 27886

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 17, 1969.

John Thomas Evans, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Robert Darden, Asst. Atty. Gen., Austin, Tex., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

John Thomas Evans has taken this appeal from the denial of his petition for habeas corpus by the district court. We affirm. The appellant was convicted on his pleas of guilty of five robberies by assault. The charges were reduced from robbery with firearms, a capital offense, upon motion of the prosecution, after the appellant had indicated his desire to plead guilty. The proceedings were held in the 56th Judicial District Court of McLennan County, Texas, on October 10, 1960, at which the appellant was represented by court-appointed counsel.

There was no direct appeal, but the appellant has exhausted his state post-conviction remedies as is required by 28 U.S.C. § 2254. The state trial court held a plenary hearing on the merits of the appellant's habeas corpus petition at which he was present and represented by court-appointed counsel. The court rendered comprehensive findings of fact and conclusions of law upon denying the writ. The Texas Court of Criminal Appeals subsequently denied relief without written opinion. The United States Dis-

trict Court denied habeas relief on the basis of the state record, as is authorized by 28 U.S.C. § 2254(d).

The appellant contends that (1) he was denied effective assistance of counsel, who was appointed on the same day the pleas of guilty were entered; and (2) his confession was coerced by denial of medical treatment for wounds suffered when he was shot during the last robbery. The district court accepted the trial court's decision that there is no merit to either contention.

The appellant's testimony in support of his allegations was refuted by that of his former court-appointed counsel and the assistant district attorney who took the confession, as well as by the transcript of the proceedings at which he pleaded guilty after having been fully advised of his rights and questioned concerning the voluntariness of the plea.

 The court below held that the short delay between appointment of counsel and entry of the pleas did not render counsel's representation ineffective or inadequate. Upon a full review of the entire record, we agree.

As we said in Doughty v. Beto, 5th Cir. 1968, 396 F.2d 128, 130, the amount of time which defense counsel spends with a defendant prior to entry of a plea of guilty "is only one of the elements to be considered and the totality of the facts may not be overridden by a judicial stop watch." Accord: Daugherty v. Beto, 5th Cir. 1967, 388 F.2d 810, cert. denied 393 U.S. 986, 89 S.Ct. 461, 21 L. Ed.2d 447; see Busby v. Holman, 5th Cir. 1966, 356 F.2d 75; Williams v. Beto, 5th Cir. 1965, 354 F.2d 698. Appellant's confession was admitted in evidence without objection in the proceedings wherein he pleaded guilty. Assuming that he is contending that his plea of guilty was influenced by the confession, it was held to be admissible in evidence by the district court. The district court resolved credibility issues adversely to the appellant's contentions and testimony, holding that the judgments of conviction are based on the appellant's

valid guilty pleas. We have found no error after a thorough perusal of the record. Rule 52(a), F.R.Civ.P.; see Tyler v. Beto, 5th Cir. 1968, 391 F.2d 993, cert. denied 393 U.S. 1030, 89 S.Ct. 642, 21 L.Ed.2d 574; Rogers v. Wainwright, 5th Cir. 1968, 394 F.2d 492; Busby v. Holman, supra.

The judgment of the district court is due to be and hereby is affirmed.

Affirmed.