Freddie Lee WASHINGTON, Petitioner-Appellant,

v.

S. Lamont SMITH, Warden, Respondent-Appellee.

No. 27263

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 2, 1969.

Rehearing Denied Oct. 28, 1969.

302

John H. Ruffin, Jr., Augusta, Ga., for appellant.

Arthur K. Bolton, Atty. Gen. of Georgia, Mathew Robins, Atlanta, Ga., Dept. of Law, for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

■ Appellant, Washington, filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Georgia alleging that he was denied his Sixth Amendment right to counsel in the proceedings in state court which resulted in his present confinement. After an evidentiary hearing the district court denied appellant's petition. We affirm.[1]

On February 17, 1961 appellant entered pleas of guilty to several charges in the Burke County Superior Court, Burke County, Georgia. On the same day he was sentenced to from fifteen to eighteen years in one case of burglary, one year in one case of larceny of an automobile, and twelve months in each of six cases of "Peeping Tom." Each of the sentences was to be consecutive.

In 1965 appellant filed a petition for a writ of habeas corpus in the City Court of Reidsville, Reidsville, Georgia, alleging denial of his right to counsel. After an evidentiary hearing on the petition, it was denied by the city court. On appeal, this decision was affirmed by the Supreme Court of Georgia.[2]

On August 5, 1968 appellant filed his petition for habeas corpus in the United States District Court. At the evidentiary hearing the appellant testified that he was without the assistance of counsel at the proceeding during which he entered his pleas of guilty. To support his contention, appellant points to the fact that the records of the state proceedings contain no notation of the name of his defense counsel.

Contrary to appellant's position was the testimony of George Hain who was Solicitor General of the Augusta Judicial Circuit at the time of the state court proceedings. This testimony appeared in the form of interrogatories posed to Hains in support of the petition for habeas corpus in the City Court of Reidsville, Georgia, and a deposition taken by the appellee-respondent in the proceeding in the United States District Court. While Hains' testimony in the deposition was less explicit than his earlier testimony in answer to the interrogatories, both tended to show that appellant was in fact represented by counsel.

■■ The determination by the district court that appellant was not deprived of his Sixth Amendment right to counsel was factual. Such a finding in a proceeding for habeas corpus is committed, with only limited revocability, to the trial courts of the federal system. Johnson v. Ellis;[3] Rushing v. Wilkinson.[4] We may reverse only where "clearly erroneous." Rule 52(a) Fed.R.Civ.P., 28 U.S.C.A. This standard is not met in the present case.

The judgment is affirmed.

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

2. Washington v. Dutton, 223 Ga. 277, 154 S.E.2d 441 (1967).

3. 296 F.2d 325 (5th Cir. 1961), cert. den. 369 U.S. 842, 82 S.Ct. 873, 7 L.Ed.2d 846 (1962).

4. 272 F.2d 633 (5th Cir. 1959), cert. den. 364 U.S. 914, 81 S.Ct. 280, 5 L.Ed.2d 229 (1960).