**Joseph Lewis GIBSON, Petitioner-Appellee,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellant.**

**No. 28037.**

United States Court of Appeals, Fifth Circuit.

March 31, 1970.

Earl Faircloth, Atty. Gen. for the State of Fla., Tallahassee, Fla., Harold Mende-

low, Asst. Atty. Gen., Miami, Fla., for appellant.

Joseph Lewis Gibson, pro se, L. Frank Chopin, court-appointed, Miami, Fla., for appellee.

Before PHILLIPS*, BELL and SIMPSON, Circuit Judges.

PER CURIAM:

The respondent in the habeas corpus proceeding below appeals from the district court's grant of petition. The petitioner-appellee plead guilty to murder in the second degree after having first plead not guilty to the indictment charging murder in the first degree. He received a life sentence to the state penitentiary on October 13, 1958.

The basis for the district court's granting of the writ was its determination that the plea of guilt was coerced and was not voluntarily and understandingly entered, principally upon Gibson's testimony that his attorney (now dead) told him that he had talked with the trial judge and been assured that Gibson would be sentenced to twenty years confinement if he plead guilty. Gibson further said that his attorney warned him that if he did not plead guilty he likely would be sentenced to the electric chair. With the court reporter's transcript of what occurred at the change of plea proceedings unavailable, and with an affidavit from the trial judge that he did not recall whether or not he gave Gibson any warning or whether or not he explored the voluntariness of the guilty plea, the trial judge made a permissible credibility determination that he would accept Gibson's account of what occurred. We cannot conclude that this credibility choice, under these circumstances, was "clearly erroneous". See Rule 52(a), F.R.Civ.P.

The district court's order further directed that Gibson either be retried within 120 days or released from custody. The respondent-appellant urges that we set aside this provision as improper. See Wainwright v. Simpson, 5 Cir. 1966, 360 F.2d 307. Inasmuch as a panel of this Court, shortly after this appeal was taken, stayed that portion of the district court's order pending appeal, so that the state will have 120 days after our mandate comes down in which to decide whether to retry Gibson or release him, we do not find it necessary to pass upon this contention.

Affirmed.

* Honorable Orie L. Phillips, U. S. Circuit Judge, Tenth Circuit, sitting by designation.