**Buster O'NEAL, Petitioner-Appellant,**

**v.**

**S. Lamont SMITH, Warden, Georgia State Prison, Respondent-Appellee.**

No. 29398
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1970.

* ▮ Rule 18, 5th Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

Joseph W. Popper, Jr., Macon, Ga., for appellant; Buster O'Neal, pro se.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Marion O. Gordon, William R. Childers, Jr., Asst. Attys. Gen., Atlanta, Ga., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

O'Neal appeals from the District Court's denial of habeas corpus relief after an evidentiary hearing.[1] He asserts that he was denied effective assistance of counsel in state proceedings and that he did not knowingly and voluntarily plead guilty to a charge of automobile larceny. We affirm.

During the District Court's evidentiary hearing, O'Neal testified that he spoke with counsel for no more than five minutes before the guilty pleas were entered. He further alleged that although he pled guilty to the charge of escape, he did not knowingly and voluntarily plead guilty to the charge of auto larceny. The District Court, however, found that O'Neal pled guilty to both escape and auto larceny "knowingly, voluntarily, and understandingly and that he was afforded and enjoyed the benefits of the effective assistance of counsel." The court also found O'Neal's uncorroborated testimony regarding his innocence unworthy of belief and concluded: "The procedures employed by petitioner's court-appointed counsel in no way deprived petitioner of the effective assistance of counsel. * * * [The attorney] acted in a competent and professional manner."

This Court will not distrub the District Court's findings of fact on appeal unless they are clearly erroneous. Fed. R.Civ.P. 52(a); *accord,* Washington v. Smith, 5 Cir.1969, 417 F.2d 301, 302; Foster v. Beto, 5 Cir.1969, 412 F.2d 892, 893; Doughty v. Beto, 5 Cir.1968, 396 F.2d 128, 130. Certainly the trial court is in a better position than we to determine such a factual matter as the credibility of a witness's testimony or the efficacy of counsel's assistance. *See, e.g.,* Gibson v. Wainwright, 5 Cir.1970, 423 F.2d 1110, 1111. Thus we cannot fault the District Court's refusal to believe O'Neal's uncorroborated testimony. Nor can we question its evaluation of his counsel under the circumstances presented here.

A charge of ineffective assistance by counsel may not be sustained unless it clearly appears well grounded. In cases where the accused pleads guilty, appointed counsel, to effectively represent his client, must ascertain only that the plea was entered knowingly and vol-

---

1. On the first appeal of this case, we remanded for an evidentiary hearing.

O'Neal v. Smith, 5 Cir. 1969, 413 F.2d 269.

untarily. Lamb v. Beto, 5 Cir.1970, 423 F.2d 85, 87; *see* Edwards v. United States, 1958, 103 U.S.App.D.C. 152, 256 F.2d 707, 709, cert. denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82. In this regard, the time which counsel spends with an accused is merely one factor to be weighed in evaluating the effectiveness of representation. Doughty v. Beto, *supra*, 396 F.2d at 130; *accord*, Evans v. Beto, 5 Cir.1969, 415 F.2d 1129, 1130; Foster v. Beto, *supra*, 412 F.2d at 893.

Having carefully reviewed the record, we agree with the District Court that O'Neal has manifested no denial of his constitutional rights which could give rise to habeas corpus relief. 28 U. S.C.A. § 2241(c) (3).

Affirmed.