UNITED STATES of America,
Plaintiff-Appellee,

v.

George ZARZOUR, Defendant-Appellant.

George ZARZOUR, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 28471.

United States Court of Appeals,
Fifth Circuit.

Sept. 23, 1970.

N. P. Callahan, Jr., William B. McCollough, Jr., Birmingham, Ala., for appellant.

John W. Stokes, Jr., U. S. Attorney, Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before SIMPSON, MORGAN,* and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

This appeal arises from an order of the United States District Court for the Northern District of Georgia denying appellant George Zarzour's motions for a new trial and to vacate sentence pursuant to 28 U.S.C. § 2255. This marks the latest development in a long history of litigation.

Appellant was convicted of the offense of bank robbery in violation of 18 U.S.C. § 2113(a) on April 14, 1966, and is presently serving a fifteen year sentence, his conviction having been affirmed by this court in Zarzour v. United States, 382 F.2d 1015 (5th Cir. 1967) [Zarzour I].

Appellant, having retained new counsel, filed a petition for rehearing of that affirmance on grounds of incompetent counsel at trial, but his petition was denied, Zarzour v. United States, 391 F.2d 598 (5th Cir. 1968) [1] [Zarzour II].

Appellant next filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, again asserting the ground, inter alia, of incompetency of counsel. The motion was denied by the district court without a hearing on August 30, 1968. This Court, on appeal of that order, remanded to the district court for an evidentiary hearing. Zarzour v. United States, 409 F.2d 605 (5th Cir. 1969) [Zarzour III].

At this stage of the proceedings appellant amended his motion to vacate sentence and filed a motion for new trial based upon newly discovered evidence. As grounds therefor appellant alleged that he was denied a fair trial and the effective assistance of counsel in violation of his Fifth and Sixth Amendment rights by the intrusion upon the confidential relationship with his counsel through a paid confidential informant of the FBI. The district court in an order of August 1, 1969, denied appellant's motions following the evidentiary hearing. It is from this order that the present appeal was taken.

At the evidentiary hearing in the court below testimony indicated that John Henry Wilder, a private investigator hired by Zarzour's attorney, was also a paid confidential informer in the employ of the FBI. Wilder assisted in developing appellant's defense, participated in Zarzour's conferences with his attorneys, and sat with counsel at the trial. He admitted his activities as an FBI informant during the period of his employment by appellant's counsel, but denied that he gave any information to the prosecution or the FBI concerning appellant Zarzour. The evidence revealed, however, that he

---

within cause pursuant to 28 U.S.C.A. § 46(d).

1. A petition for writ of certiorari was denied by the Supreme Court on June 3, 1968. Zarzour v. United States, 391 U.S. 964, 88 S.Ct. 2032, 20 L.Ed.2d 877 (1968).

did furnish information to the FBI concerning the bank robbery for which appellant was convicted. The district court at the evidentiary hearing denied appellant's motion to require the government to produce the FBI's file on the informant Wilder, chiefly relying on testimony of the FBI agents and Wilder himself that there had been "no impropriety", and that Wilder was completely loyal to Zarzour's defense.

In addition, the court below, in the evidentiary hearing refused to allow the appellant to introduce evidence concerning the constitutionality of his out-of-court identification, the court ruling that this court's remand of appellant's case was for a hearing on the single question of incompetency of counsel and limited to that issue. *Zarzour III, supra.*

Finally, there was conflicting testimony at the hearing before the district court concerning whether or not appellant's trial counsel was under the influence of alcohol during the trial proceedings.

Thus, appellant essentially raises three issues:

I. Does the fact that a private investigator who assists in the preparation of the defense and is at the same time a paid informant for the FBI, constitute a denial of a fundamental right to a fair trial and effective assistance of counsel; and furthermore, did the court err in refusing to require the government to produce portions of the FBI's files concerning the informant?

II. Did the court err in refusing to hear appellant's evidence concerning his pretrial out-of-court identification?

III. Did the court err in finding that appellant failed to sustain his burden of proof on the issue of incompetency of counsel?

## I.

### The FBI Informant Employed by the Defense

It is well settled that an intrusion by the government upon the confidential relationship between a criminal defendant and his attorney, either through surreptitious electronic means or through an informant, is a violation of the Sixth Amendment right to counsel. Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); Black v. United States, 385 U.S. 26, 87 S.Ct. 190, 17 L.Ed.2d 26 (1966). However, there must be an intrusion.

In the instant case, informant Wilder and FBI agents who employed him all testified that he in no way acted on behalf of the government regarding appellant Zarzour's trial, even though he served the government in other matters. The prosecution disclaimed any knowledge of Wilder's dual role during the period of the trial. The FBI agent in charge of investigating the bank robbery in question was present during portions of the trial and later testified that he never informed the government attorneys of Wilder's status.

While we indeed view with a jaundiced eye the conduct of the government and the FBI in allowing Wilder to play this double role, we cannot accept appellant's argument that Wilder's activity *alone* deprived appellant of an adversary trial and vitiated his conviction. Appellant cites several cases for the proposition that any intrusion invalidates the trial in which it occurs. Two of those cases, Coplon v. United States, 89 U.S.App.D.C. 103, 191 F.2d 749 (1951), and Caldwell v. United States, 92 U.S.App. D.C. 355, 205 F.2d 879 (1953), "dealt with government intrusion of the grossest kind upon the confidential relationship between the defendant and his counsel. In *Coplon,* the defendant alleged that government agents deliberately intercepted telephone consultations between the defendant and her lawyer before and during trial." Hoffa v. United States, *supra,* 385 U.S. at 306–307, 87 S.Ct. at 416. In *Caldwell,* a government agent was hired by the defendant and "in his dual capacity * * * gained free access to the planning of the defense." *Caldwell, supra,* 205 F.2d at 880. He obtained information concerning the de-

fense and furnished it to the government. Thus in these cases, as in *Hoffa* and *Black*, the wiretap or informant placed in the legal camp of the defense did not, in and of itself, vitiate the conviction without a further showing that the government's evidence was "tainted".[2]

The Supreme Court in Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), held that when a person's Fourth Amendment rights have been violated by means of an unlawful electronic surveillance, the surveillance records must be turned over to the aggrieved person in order that he may prevail upon the district court to determine in an adversary proceeding whether the surveillance tainted his criminal conviction. Appellant thus contends that the entire file of Wilder's contacts with the FBI should be turned over to him for inspection.[3]

On the facts thus presented, we do not feel inclined to grant appellant's request. In Taglianetti v. United States, 394 U.S. 316, 317, 89 S.Ct. 1099, 1100, 22 L.Ed.2d 302 (1969), the court held that "[n]othing in Alderman v. United States, Ivanov v. United States or Butenko v. United States, 394 U.S. p. 165, 89 S.Ct. 961, 22 L.Ed.2d 176, requires an adversary proceeding and full disclosure for resolution of every issue raised by an electronic surveillance. * * * Here the defendant was entitled to see a transcript of his own conversations and nothing else. He had no right to rummage in government files." (Emphasis supplied). See United States v. Clay, 430 F.2d 165 (5th Cir. 1970).

However, we are unable to conclude that the findings of the district court in the evidentiary hearing are amply supported by the record as the court so found in United States v. Stassi, 431 F.2d 427 (5th Cir. 1970). There the surveillance was conducted entirely by the FBI while the investigation leading to the conviction was conducted by customs agents. The district court found that there had been no disclosure whatsoever to the FBI.

In the case sub judice the district court must determine whether there were any disclosures by the FBI to the government prosecutors and whether any information passed between Wilder and the FBI. To accomplish this fairly, the district judge is directed to conduct an *in camera* examination of the FBI informant files on Wilder, but only concerning his dealings between the date of the robbery of the Ponce de Leon Branch of the Bank of Georgia in September of 1965, and the time of appellant's trial in April 1966. See Taglianetti v. United States, *supra*.[4]

A determination can be made by examining all written memoranda in the files as to whether the government obtained any evidence through the employment of Wilder concerning appellant or the key witnesses in his case, and whether there was any interference with his Sixth Amendment rights to counsel and an adversary proceeding. It may indeed find no indication of such impropriety, but it is the undisclosed intrusion on the attorney-client relationship which requires our reversal and remand. See United States v. Balistrieri, 403 F.2d 472, 478 (7th Cir. 1968). Thus, if by this *in camera* in-

---

2. On remand in *Hoffa*, the district court stated that its "finding that the recording did not in any wise taint the evidence used by the Government upon the trial would be equally as applicable to the defendant's Fifth and Sixth Amendment contentions as it would to his Fourth Amendment contention." United States v. Hoffa, 307 F.Supp. 1129, 1140 (E.D. Tenn.1970).

3. The government refused this request at the evidentiary hearing pursuant to or-

ders of the Attorney General of the United States.

4. In Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969), an analogous question arose in which the court left the determination of whether the surveillance violated the Fourteenth Amendment to the district court on remand. "We have nowhere indicated that this determination cannot appropriately be made in *ex parte, in camera* proceedings." 394 U.S. at 314, 89 S.Ct. at 1165 (Stewart, J., concurring).

spection it is learned that information concerning appellant's case was transmitted to the prosecution so as to violate his Sixth Amendment rights, disclosure of the relevant portions of the files must be made to him and a new trial ordered.

## II.

### Out-of-Court Identification

 Appellant's counsel in the hearing below attempted to place in the record information relative to Zarzour's out-of-court identification by two government witnesses. He contends that the lower court erred in holding that this court's remand was for a hearing on the single question of incompetency of counsel, and claims that the merits of his argument were never before the court. We disagree. We have carefully examined the original record and briefs submitted in the prior cases. Appellant based his appeal and petition for rehearing in part on this very question.[5]

This court found that no inadmissible evidence had been admitted. *Zarzour II, supra.* Although appellant did not have the assistance of counsel in the identification procedure, as is now required under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), those holdings are not applicable to out-of-court identifications occurring before June 12, 1967. Stovall v. Denno, 388 U.S. 293, 296, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). In addition, viewing the "totality of circumstances", we do not think that appellant was deprived of due process of law in violation of the Fourteenth Amendment, as the court found in Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969).

Assuming, arguendo, that there was some unfairness in the out-of-court identification procedure, it was harmless when compared to the overwhelming evidence connecting appellant to the robbery. A film strip taken during the robbery was viewed by the jury and by another panel of this court, which found substantial evidence for the jury to conclude that Zarzour was an active participant in the robbery. *Zarzour, I, supra,* at 1015. Moreover, we find no suggestion in the record that the in-court identifications of appellant were based upon or tainted by the out-of-court identification.

## III.

### Incompetency of Counsel

██ Appellant contends that there was substantial evidence that his trial counsel was under the influence of alcohol prior to and during the trial, that he left the courtroom during the prosecution's closing argument and the trial court's instructions to the jury, and that he was ineffective in conducting the trial and appeal of the case.

The evidence is conflicting on the issue of intoxication. Appellant, his former wife, and Wilder all testified that trial counsel was under the influence of alcohol, while, of course, the allegations were firmly denied. Appellant's contentions in this regard have been previously considered by this court when on petition for rehearing we found nothing to suggest incompetency or ineffective assistance of counsel. *Zarzour II, supra.* Zarzour was represented by two attorneys of his own choosing. In fairness to the appellant we have once again reviewed the original record and found that appellant's trial counsel conducted vigorous and searching cross-examination of the government's witnesses and actively interposed objections in protecting appellant's rights. Both he and his co-counsel made forceful closing arguments, and when he left the courtroom, co-counsel was always present.

Because his allegations of ineffective assistance of counsel in his Section 2255

5. For example, appellant's brief filed on November 27, 1967, alleged that he was deprived of a fair trial by the admission of this testimony. At the trial his attorney did not object to its admission because he feared that his objection would prejudice the jury.

**6**

petition required consideration of matters outside the record, this court directed an evidentiary hearing on this question. *Zarzour III, supra.* This court has clearly granted appellant's every reasonable request, and we find that he has failed to establish that his representation at trial resulted in a farce or a mockery of justice. United States v. Long, 419 F.2d 91 (5th Cir. 1969); Foster v. Beto, 412 F.2d 892 (5th Cir. 1969).

Accordingly, while we affirm the district court's order dealing with the out-of-court identification procedure and the incompetency and ineffective assistance of counsel allegations, we reverse and remand with directions to conduct an *in camera* inspection of the FBI informant file.

Affirmed in part; reversed in part; remanded for further proceedings consistent herewith.