446 F.2d 1370
 Gerald Clifford HOWARD, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Department of
Corrections, Respondent-Appellee.
No. 71-1877 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 13, 1971.
 
 Gerald C. Howard, pro se.
 Crawford C. Martin, Atty. Gen. of Texas, Robert Darden, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., for respondent-appellee.
 Before COLEMAN, SIMPSON, and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the petition of a Texas state prisoner for the writ of habeas corpus. We vacate and remand.
 
 
 2
 Appellant is challenging his convictions in three separate Texas counties which total 160 years imprisonment. In Shelby County he was convicted on his pleas of guilty of three counts of burglary. On March 9, 1956, he was sentenced to consecutive terms of ten years on each count. In Rusk County he pled guilty to one count of theft and two counts of burglary and was sentenced on March 31, 1956, to a cumulative term of thirty-four years. In Bosque County he pled guilty to eight counts of burglary and was sentenced to eight consecutive terms of twelve years each. In his habeas petition filed in the court below appellant alleged that in all cases his guilty pleas were coerced by the state's refusal to provide him with counsel until he agreed to plead guilty; that he did not intelligently waive his right to jury trials, that each court appointed counsel was ineffective because appointed only a few minutes before trial; and that none of his attorneys advised him of his rights or defenses, investigated his case, argued to mitigate punishment, or advised him concerning an appeal. He also contended that the Bosque County sentences were invalidly cumulated.
 
 
 3
 A motion to vacate sentence pursuant to Article 11.07, Vernon's Ann.Tex.C.Crim.P. filed in Shelby County attacking the convictions there was denied without a hearing on May 17, 1968, with no findings of fact and affirmed on appeal on July 12, 1968, without a written opinion. A similar petition to the Rusk County court was also denied without a hearing on July 7, 1969, and affirmed on appeal May 15, 1970, without a written opinion. A third like petition was filed in Bosque County, where an evidentiary hearing was held. The trial court found that appellant had not waived his right to trial by jury and that the sentences were improperly cumulated. The Court of Criminal Appeals concluded that the record did not support those findings and denied relief. Ex parte Howard, Tex.Cr.App., 1969, 447 S.W.2d 160.
 
 
 4
 A reading of the appellant's pleadings in the various state court proceedings reveals his statements that he pled guilty after a short conference with counsel whose only advice was to plead guilty and hope for leniency. However, the record contains nothing which tends to disprove appellant's allegations that his guilty pleas were coerced. The record does not contain transcripts of the pleading proceedings or even jury waivers signed by appellant or his counsel. The record also shows that counsel was not appointed in each case until the court was advised that appellant was going to plead guilty. The counsel appointed in the Bosque County cases was also the court reporter.
 
 
 5
 In short, there is a dearth of facts upon which to deny the writ of habeas corpus. We therefore vacate the judgment below and remand to the district court to further explore the facts underlying appellant's convictions to the extent, if need be, of holding an evidentiary hearing. United States v. Strother, 5 Cir., 1970, 434 F.2d 1292; Brooks v. Smith, 5 Cir., 1970, 429 F.2d 1281; Hollingshead v. Wainwright, 5 Cir., 1970, 423 F.2d 1059.
 
 
 6
 Vacated and remanded.