**Johnny Lee FAULKS, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 5–933.**

United States District Court,
N. D. Texas,
Lubbock Division.

Oct. 26, 1971.

Johnny Lee Faulks, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent.

## MEMORANDUM AND ORDER

WOODWARD, District Judge.

Petitioner, Johnny Lee Faulks, is a prisoner in state custody, pursuant to judgment and sentence of the 140th District Court of Lubbock County, Texas, in Cause No. 8364 styled The State of Texas vs. Johnny Lee Faulks. Petitioner was charged by indictment with the felony offense of attempted burglary, enhanced by two prior convictions. Upon jury trial he was found guilty and was sentenced by the court on June 15, 1962, to mandatory life imprisonment as an habitual criminal. He did not appeal the conviction.

Petitioner filed this application for writ of habeas corpus under Section

2241 et seq., Title 28 U.S.C. and he is proceeding in forma pauperis under Section 1915, Title 28 U.S.C. By his application Petitioner contends that he was not represented by counsel at the time he was convicted of the felony offense of burglary in Cause 9590 in the Fifth District Court of Bowie County, Texas, one of the convictions used for enhancement of his primary conviction.

The pleadings and the exhibits filed in this case show that the issues raised by the application have been first presented to the courts of the State of Texas. Petitioner filed an application for writ of habeas corpus in the convicting court, the 140th District Court of Lubbock County, Texas. The trial court appointed counsel to represent Petitioner and conducted an evidentiary hearing on December 31, 1969.

At the hearing Petitioner testified that he was not represented by counsel at the trial in Cause No. 9590 in Bowie County, Texas, that he entered a plea of guilty in that case, that he was not advised of his right to counsel, that he was indigent, and that he did not waive the right to be represented by counsel. The state introduced the crossed interrogatories to Bun L. Hutchinson who was the district attorney of Bowie County, Texas, at the time Petitioner was convicted in Cause No. 9590. The responses to the interrogatories reflected that Mr. Hutchinson did not specifically recall Petitioner nor his trial. He stated that all of the court records had been destroyed, but that no defendant was ever tried for a felony offense, either upon plea of guilty or not guilty, during his tenure of office without being represented by counsel, retained or appointed. Mr. Hutchinson was positive that "this was done in every instance", "without exception".

There was, also, introduced into evidence at the evidentiary hearing the judgment in Cause 9590, which recited that the defendant appeared in person, "his counsel also being present." No counsel was named in the judgment.

The trial court filed written findings of fact and conclusions of law, finding as a fact that the defendant in Cause No. 9590 in Bowie County, Texas was represented by counsel.

The Court of Criminal Appeals denied the application without written opinion on the trial court's findings on January 16, 1970. Petitioner has exhausted his state remedies and the challenge raised by his application is properly before this court.

Petitioner received a full and fair evidentiary hearing in the convicting court. The transcript of that hearing is a part of this record and is before the Court. The state court trier of fact has reliably found the relevant facts. Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The state judge made an explicit finding on the disputed factual issue tendered to it. Petitioner has not contended, and it does not otherwise appear, that any of the limitation upon the presumption of correctness of the written findings of fact apply. Section 2254(d), Title 28 U.S.C.

This case accents the evidentiary problems encountered when a long period of time elapses between conviction and collateral attack. The evidence of "uniform practice" adduced at the state court hearing is adequate to support the state court's findings of fact. Goodwin v. Smith, 5th Cir. 1971, 439 F.2d 1180. Petitioner was afforded a meaningful opportunity to confront through cross interrogatories the witness who contradicted his claim. Washington v. Smith (5th Cir. 1969), 417 F.2d 301; Wiggins v. Smith (5th Cir. 1970), 434 F.2d 245.

This Court adopts the findings of fact made by the judge of the state court on January 16, 1970. Applying those facts so found by the state judge this Court concludes that Petitioner's claim that he was not represented by counsel at the time he entered a plea of guilty in Cause No. 9590 in Bowie County, Texas, is without merit.

Petitioner is not confined in violation of the Constitution and is not entitled to the writ of habeas corpus. Accordingly the application for writ of habeas corpus is hereby denied and dismissed.