Gerald C. **HOWARD**, Petitioner-
Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent-
Appellee.

No. 72–1708
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 8, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Minor L. Helm, Jr., Waco, Tex. (Court Appointed) for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Texas, Robert Darden, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

### PER CURIAM:

In this case the appellant, Gerald C. Howard, appeals from the district court's denial of his habeas corpus petition challenging his convictions on pleas of guilty for numerous counts of burglary in three Texas counties, for which he received sentences totaling 160 years. On an earlier appeal we remanded the case to the district court for an evidentiary hearing. Howard v. Beto, 5 Cir. 1971, 446 F.2d 1370. The district court held the hearing, denied the petition once more, and the case now comes to us again. We affirm.

■ Howard's most substantial contention on this appeal is that the court-appointed lawyer furnished him in each case was ineffectual and incompetent. This Court has said that allegations of ineffective representation will be sustained only if they are firmly grounded. O'Neal v. Smith, 5 Cir. 1970, 431 F.2d 646, 647. In support of his contention Howard points to the fact that in two cases counsel conferred with him for only a few minutes. That counsel has spent only a short time with an accused, however, does not of itself establish ineffectiveness of representation. Woodard v. Beto, 5 Cir. 1971, 447 F.2d 103, cert. denied, 404 U.S. 957, 92 S.Ct.

325, 30 L.Ed.2d 275; Smith v. Smith, 5 Cir. 1970, 433 F.2d 582; Evans v. Beto, 5 Cir. 1969, 415 F.2d 1129; Doughty v. Beto, 5 Cir. 1968, 396 F.2d 128. Howard goes further and states that in none of the cases did his lawyers advise him of his rights, discuss the facts surrounding his arrest, or advise him of the consequences of his guilty pleas. In support of these contentions he offers only his own uncorroborated testimony which was contradicted by the depositions of two of his attorneys. When a defendant indicates a desire to enter a guilty plea the duty of counsel is limited to ascertaining whether the plea is voluntarily and knowingly made. Lamb v. Beto, 5 Cir. 1970, 423 F.2d 85, cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed. 2d 84. On this record we cannot say that Howard's counsel failed to fulfill this duty. Moreover, there was strong evidence that the guilty pleas were entered knowingly and voluntarily. At the evidentiary hearing Howard freely admitted his guilt, denied that he had been promised anything in return for his guilty pleas, and admitted that he had been aware of his right to a jury trial.

■ Howard also states that he cannot recall having had any conference whatever with his attorney in one case. The judge and prosecutor squarely contradicted this testimony. Howard further objects to the fact that the court in this case appointed the court reporter, a licensed attorney, to represent him. While we do not wish to indicate approval of this practice, see Canon 15, ABA Canons of Professional and Judicial Ethics, we note that the record is devoid of any indications that the attorney sought to entice or coerce Howard into pleading guilty.

Howard raises several other issues. He complains that his pleas were involuntary and that he did not intelligently waive his right to a jury trial, allegations which, as we have noted, his own testimony at the evidentiary hearing strongly refutes.

Finally, Howard contends that the cumulation of his sentences was invalid. We find no merit in this contention.

The judgment of the district court is affirmed.