**John Wesley JOHNSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17440.**

United States Court of Appeals
Eighth Circuit.

April 3, 1964.

Joseph Howlett, Clayton, Mo., made argument for appellant and filed typewritten brief.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., made argument for appellee and filed typewritten brief with Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo.

Before VOGEL, MATTHES and BLACKMUN, Circuit Judges.

MATTHES, Circuit Judge.

Appellant was indicted in four counts for violating 26 U.S.C. § 4705(a) and 21 U.S.C. § 174, was convicted by a jury of all four offenses,[1] and having previously been convicted of violating the narcotic laws, was—as a second offender—sentenced to the minimum of ten years on each count [26 U.S.C. § 7237(b) and (c)], the sentences to run concurrently.

On this appeal in forma pauperis, considered upon the original files and

---

1. Counts I and III alleged unlawful sales of heroin in violation of 26 U.S.C. § 4705 (a) on March 29, 1963, and April 4, 1963, respectively. Counts II and IV al-

leged violations of 21 U.S.C. § 174 in receiving and concealing heroin on the same dates.

transcript of the evidence, appellant's sole contention is that the evidence was insufficient as a matter of law to take the case to the jury and consequently that the court erred in denying his motion for judgment of acquittal filed at the close of the whole case.

■ At the outset, we observe that inasmuch as concurrent sentences were imposed whereby appellant received a total of ten years—a sentence which did not exceed that which might be imposed under any single count, an affirmance is dictated if the evidence was sufficient to sustain the conviction under any one count. Gajewski v. United States, 8 Cir., 321 F.2d 261, 264 (1963), and cases there cited.

In our view, a detailed résumé of the evidence on which the jury could justifiably find and infer that appellant was guilty of each of the four offenses is not required. This is a typical narcotics case where the narcotic agents through the use of an informer, one Paul James, purchased from appellant on the two critical dates, the heroin forming the basis of all four counts of the indictment. The Government made its case upon the testimony of one of the agents who was active in the events which preceded and followed the purchases, the testimony of James who purchased the heroin from appellant on each of the occasions, and on the testimony of a Government chemist. Appellant did not testify and offered no evidence in his behalf. There was the usual search of the informer before he started on his mission, the furnishing of pre-recorded Government funds to James, the keeping of James under surveillance except for a brief period during the March 29 events, the delivery of the heroin to the agents after the purchase, and another search which revealed James no longer possessed the Government funds with which he had been provided.

Appellant argues, however, that the prepurchase search was wholly inadequate; that the agents failed to keep James in sight constantly, thereby affording him the opportunity to procure the narcotic from some one other than appellant; and that the agents failed to arrest appellant immediately after each purchase was made.

Similar arguments were unavailingly presented in Byrth v. United States, 8 Cir., 327 F.2d 917 (Feb. 17, 1964). See also, Williams v. United States, 8 Cir., 328 F.2d 256 (1964); Bunn v. United States, 8 Cir., 260 F.2d 313 (1958).

■ The alleged omissions in the Government's evidence upon which appellant premises his claim that a jury case was not made, are matters—under the entire factual framework of this case—that go to the weight of the evidence and cannot conceivably render the Government's evidence incredible and unworthy of belief as a matter of law.

■ Moreover, the alleged vulnerability of the Government's proof goes only to the events which occurred on March 29, forming the basis for the first and second counts of the indictment. The April 4 purchase by James from appellant took place in the kitchen of James' home and was witnessed by one of the narcotic agents who had secreted himself in a closet adjacent to the kitchen. After appellant delivered the heroin to James in exchange for the Government funds, appellant left the building and the agent immediately took possession of the heroin. Since the evidence to establish the offenses charged in Counts III and IV does not show a hiatus in the movements of the participants and since the jury by its verdict indicated that it credited the testimony of the informer and the agent, appellant has no basis for attacking the convictions resulting from the April 4 offenses.

We have considered Panci v. United States, 5 Cir., 256 F.2d 308 (1958), the only case cited by appellant. It is not controlling here.

Finding appellant's contention to be utterly without merit, the judgment is

Affirmed.