Albert **CALLOWAY**, Appellant,

v.

James **R. POWELL**, Jailor, Richmond County, Georgia, Appellee.

No. 24981.

United States Court of Appeals
Fifth Circuit.

April 24, 1968.

John D. Watkins, Augusta, Ga., for appellant.

D. Field Yow, Augusta, Ga., George Hains, Sol. Gen., Augusta Circuit, Augusta-Richmond County, Augusta, Ga., for appellee.

Before BROWN, Chief Judge, and AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

It is apparent that when the appellant was convicted of criminal charges in state court he did not receive the effective representation of counsel guaranteed him by the Constitution. We reverse the finding of the district court denying

habeas corpus after an evidentiary hearing.

## I

Appellant was arrested on the night of March 21–22. An attorney was orally notified at or before preliminary hearing, held on March 24 or 25, that he had been appointed to defend appellant. He was present at the preliminary hearing but did not actively participate because there was also present a retained attorney, one of two attorneys employed by the family of appellant to represent appellant (and appellant's brother, who also was in jail, on charges not definitely identified by the record). It is not clear whether representation of appellant (by either or both of the employed attorneys) was only to seek to get him out on bond or to represent him on the merits.

The appointed counsel talked only briefly with appellant at the preliminary hearing and did nothing further, understanding or assuming that the retained attorneys, or one of them, would defend appellant. There is no evidence that he filed an application with the court to be relieved as appointed counsel; in fact he was uncertain whether his oral appointment was ever reduced to writing.

On April 1, 1966 appellant's cases were called for arraignment. The appointed attorney was called at his office by a representative of the prosecutor and told to come to the courtroom. He was surprised because of his understanding that the employed attorneys or one of them, were representing appellant. He went to the courtroom, found appellant there, and talked with him. They never left the courtroom. Neither employed attorney was present. Appointed counsel reiterated to appellant several times that he did not have to plead guilty if he did not want to, and that if he or his family wanted another lawyer they were free to get one, that appellant was not required to accept the appointed counsel as his attorney. The appointed attorney testified that he described the charges

to appellant (this is denied by appellant but we accept that counsel did describe the charges), and that appellant took five to ten minutes to make up his mind whether to plead guilty. The trial judge was present in the courtroom during all or part of this conference. A representative of the prosecutor's office was in the courtroom. The investigator for the sheriff's department, who had been active in investigating the charges and interrogating appellant and had talked with members of appellant's family, also was present. In the presence of the appointed attorney and of others appellant asked the investigator his advice on how to plead. The investigating officer replied by asking the appellant, in substance, if he had not previously told him he wanted to enter a plea and get it over with and straighten out his life and make something out of himself.

Appellant signed pleas of guilty to all charges[1] and forthwith was sentenced to twenty-five years, five years on each charge to run consecutively.

All the evidence was that appellant's family, who had employed the retained attorneys, and some of whom lived in the city, had no notice of the hearing. Appointed counsel did not know whether the family had been notified and made no effort to get in touch with them.

The exact duration of the entire proceeding is not stated; a fair reading of the record makes clear it was brief.

This case is another instance of the hiatus which arises at times between counsel thought to be retained, or retained and not paid, or retained for a limited purpose, and the appointed counsel. The frequency of the hiatus can be ameliorated by clear and definite requirements for entry of appearances as counsel of record and for withdrawal of appearances only with leave of court, by appointments of counsel terminable only on requests of record and with leave of court, and by requests for continuances by appointed attorneys who find that be-

---

1. Five charges of assault with intent to rape on five different females, one of them the daughter of the sheriff.

cause of misunderstanding as to who is representing the accused they are not prepared to furnish representation meeting constitutional requirements. Short of waiver or fault of the defendant, neither of which is proved in this case, confusion among attorneys about who is to represent the criminal defendant cannot erode away his right to effective counsel.

 The counsel here furnished did not meet constitutional standards. The right to counsel is the right to effective counsel. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). This Court has interpreted counsel to mean "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." MacKenna v. Ellis, 280 F.2d 592, 599 (5th Cir. 1960). Effective counsel includes familiarity of counsel with the case and an opportunity to investigate it if necessary in order meaningfully to advise the accused of his options. Brooks v. State of Texas, 381 F.2d 619 (5th Cir. 1967); Roberts v. Dutton, 368 F.2d 465 (5th Cir. 1966); see Collingsworth v. Mayo, 173 F.2d 695 (5th Cir. 1949). An accused represented by appointed counsel has a right to expect a measure of devotion to his cause at least equal to that expected from retained counsel of the accused's own choosing. Johnson v. United States, 328 F.2d 605 (5th Cir. 1964). Under the circumstances revealed by this record it is apparent that appointed counsel, surprised by being called to the arraignment and having only a brief conference with the accused in the courtroom, did not measure up to constitutional requirements. See Williams v. Beto, 354 F.2d 698 (5th Cir. 1965). The absence of constitutional standards is underscored by the defendant's felt necessity to seek the advice of the sheriff's department investigator before entering his plea.

## II

Appellant filed motions to withdraw the pleas of guilty. The motions were heard, the above-described evidence being part of that adduced. The motions were denied and appellant appealed to the Court of Appeals of Georgia which affirmed. Subsequently he filed petition for habeas corpus in the United States district court where another evidentiary hearing was had, with some new evidence plus all that presented to the state court on the motions to withdraw the pleas.

The question of ineffectiveness of counsel was raised in the habeas court. The ineffectiveness appears on the testimony of the appointed attorney himself, given in both the state court and the habeas court. It would be an undue burden and serve no purpose to hold further hearings in any court, state or federal, to establish a third time a state of facts already twice established.

## III

██ As a result of the convictions here attacked appellant's parole on a prior robbery conviction was revoked, and when his petition was filed he was serving that sentence. A habeas petition is not premature if petitioner's parole has been revoked because of a second conviction alleged to be without due process although imprisonment is under the original sentence. Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); United States ex rel. Gaito v. Maroney, 324 F.2d 673 (3d Cir. 1963).

The judgments of conviction are vacated. The revocation of appellant's parole made solely on the ground of such convictions is also vacated. The case is reversed and remanded to the district court with directions to issue the writ of habeas corpus discharging the appellant, subject to the right of the state, if it wishes to do so, to hold the appellant pursuant to the usual conditions of state law under the indictments herein involved for trial within 90 days of the time the mandate of this court reaches the district court.