**Lexington Steve LAMB, Plaintiff-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Defendant-Appellee.**

No. 27624.

United States Court of Appeals, Fifth Circuit.

Feb. 16, 1970.

Rehearing Denied March 26, 1970.

---

J. Leon Lebowitz, Austin, Tex., (Court-appointed) Lexington Steve Lamb in pro. per., for plaintiff-appellant.

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., Brandon Bickett, Charles R. Parrett, Robert C. Flowers, Asst. Attys. Gen., Austin, Tex., for defendant-appellee.

Before TUTTLE, WISDOM and GOLDBERG, Circuit Judges.

TUTTLE, Circuit Judge:

This is an appeal of a denial of an application for writ of habeas corpus wherein appellant alleges that: (1) he was denied representation by counsel at his 1944–47 convictions; (2) if counsel was in fact "present" it was inadequate representation of counsel and (3) his plea of guilty was not knowingly and voluntarily entered. After careful consideration of the record and briefs we affirm the denial of the petition.

■ Appellant argues that no attorney was present at his 1944 conviction. However, other than appellant Lamb and his brother there was no positive statement to this effect. The jury waiver form was signed by H. H. Shelton as Attorney for the Defendant; and the "form judgment" showed that Lamb appeared in person *with his counsel present* and, most importantly, the judge who presided over the trial submitted an affidavit that "The judgment correctly reflected the proceedings in the case and that during the time [I] was judge no defendant was ever placed on trial or convicted in my court without an attorney representing him whether the said attorney was retained or appointed."

The testimony of Perry Jones, counsel representing Lamb at the *state* habeas corpus hearing and the attorney who prosecuted him in 1944, revealed that the general procedure in 1944 or prior to 1957 was that "at that time, in taking a plea of guilty where a defendant did not have an attorney and when he agreed to plead guilty we simply went out into the hall of the courtroom or the district clerk's office or anywhere we could, we found an attorney and told him we had a

plea of guilty and wanted him to come in and sign the jury waiver." Mr. Jones also testified that "ordinarily the attorney was not in the presence of the defendant for more than ten or fifteen minutes * * * signing the jury waiver was about all * * * and in many cases if the attorney were in a hurry * * * he could come in and sign the jury waiver and go on about his business." It is clear from all the testimony of all of these witnesses taken on a whole that the trial court had sufficient evidence to determine that an attorney was present at the time of the hearing. Therefore, as to the 1944 conviction, the only issue is that of the adequate representation of counsel.

The evidence negating the contention that counsel was not present at the 1947 conviction is stronger than that of 1944 for the affidavit of the attorney of record, Mr. Blackwell, was before the court. His affidavit affirmatively stated that he did represent Steve Lamb, was present in court the day of his conviction, that he explained his constitutional rights to him, including his right to trial by jury and that Lamb was pleased with the sentence imposed since the two five year sentences were to run concurrently. Also, the trial judge's affidavit for the 1947 conviction stated that the "record correctly reflects the proceedings and when he was judge no defendant was ever placed on trial without an attorney representing him whether retained or appointed." The statement of Lamb's witness, Dr. Leigh Beck, the person whose home Lamb was convicted of burglarizing stated only that *"so far as I can recall* he [Lamb]. was not represented by counsel." This is not a positive statement as were those in the affidavits of Mr. Blackwell and the trial judge. Also, it must be remembered that Mr. Jones's statement, that the general rule was when one pleaded guilty in 1947 an attorney was obtained for him is applicable here. Therefore, again as to the 1947 conviction, the only question is the adequate representation of counsel.

It must be remembered that Mr. Lamb pleaded guilty to the 1944 charges and the 1947 charges. Therefore, the consideration of what constitutes adequate representation of counsel should be discussed within this framework. This court has interpreted effective counsel to mean "not errorless counsel" a "counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." McKenna v. Ellis, (5 Cir., 1960), 280 F.2d 592, cert. den., 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961); Brown v. Beto (5 Cir., 1957), 377 F.2d 950. Moreover, this court held in Doughty v. Beto (5 Cir., 1968), 396 F.2d 128 that the time spent with the accused is only one of the elements to be considered in determining whether the defendant received effective representation of counsel.

Obviously, more would be required of counsel if the plea had not been guilty for some duty might have arisen to support this plea. However, it appears that the only required duty of counsel under the most liberal construction when a plea of guilty is entered is that counsel, (the court now under rule 11) should ascertain if the plea is entered voluntarily, and knowingly. Lamb does not argue here that his counsel either in 1944 or 1947 did not fulfill this requirement or that counsel was not reasonably likely to render effective assistance. He only challenges the method used in obtaining counsel and the time spent and the possibilities of unused defenses. There is no allegation that any witness or material piece of evidence that could have been served as a defense was not used.

As stated by now Chief Justice Burger, in Edwards v. United States, (1958) 103 U.S.App.D.C. 152, 256 F.2d 707, cert. den. 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82, "it must be realized that this is not a case in which proof of guilt depends upon a trial. * * * Here the deed is his [defendant's] own; here there are not the baffling complexities which require a law-

yer for illumination; *if voluntarily and understandingly made,* even a layman should expect a plea of guilty to be treated as an honest confession of guilt and a waiver of all defenses known and unknown. And such is the law." Therefore, appellant Lamb can only prevail if he can show that his lawyer did not ascertain whether or not his plea was voluntarily and understandingly made.

The trial judge for the 1944 conviction stated in his affidavit that in his court no defendant who pleaded guilty was ever convicted without the introduction of independent evidence. Moreover, in the 1947 conviction the attorney for appellant Lamb, Mr. Blackwell, stated that *he informed defendant of the consequences of his guilty plea and that the latter was pleased because the sentences were to run concurrently.* Presumably, this had been explained to him before the entrance of the guilty plea.

When appellant Lamb's brother was questioned as to the events of the 1944 trial the attorney asked, "You recall the warning they gave your brother, don't you, before he pleaded guilty?" Answer: "Well, no, sir, I did not hear it because I was sitting back there and *I didn't hear all the talking he did with the Judge.* Well, I did hear him as he pleaded guilty *but then they talked more softly after that and I couldn't understand all of what was said."* This clearly indicates that some conversation took place which can, from the affidavit of the judge and of the lawyer involved support the finding that appellant Lamb was informed of the consequences of his guilty plea as required in 1944 and 1947 and, therefore, intelligently and knowingly entered his plea of not guilty.

It being clear that there was ample basis for the findings of the trial court both that Lamb was represented by counsel on these two critical occasions and that such representation was not such as this court has determined to be "inadequate" in a constitutional sense, we conclude that the judgment must be affirmed.

We think it appropriate to note that, it appearing that appointed, though unpaid, counsel has faithfully represented this appellant through these proceedings, this court expresses its appreciation to J. Leon Lebowitz, Esq., for his voluntary and valuable service.

Judgment affirmed.