**Richard Lee CARBO,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 78–1813
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1978.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Richard Lee Carbo, pro se.

William L. Harper, U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

This is an appeal by Richard Lee Carbo from denial of his motion brought pursuant to 28 U.S.C. § 2255, wherein he seeks to vacate previously served federal sentences on the ground that, in entering guilty pleas, he was denied the effective assistance of counsel.[1] Carbo is presently in the custody of state authorities in Texas awaiting trial on a state charge. He alleges that the federal sentences are being used against him for enhancement purposes in the pending state case. In these circumstances, his motion is properly treated as a petition for writ of error coram nobis. *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *Cline v. United States*, 5 Cir. 1972, 453 F.2d 873; Wright, Federal Practice and Procedure §§ 592, 596 (1969). We agree with the district court that the motion should be denied.[2]

The Sixth Amendment guarantees appellant Carbo the right to effective assistance of counsel. In this Circuit, the standard for determining whether that guarantee has been respected is whether counsel was reasonably likely to render and did render reasonably effective assistance. *United States v. Gray*, 5 Cir. 1978, 565 F.2d 881, 887; *Herring v. Estelle*, 5 Cir. 1974, 491 F.2d 125, 127; *MacKenna v. Ellis*, 5 Cir. 1960, 280 F.2d 592, 599, cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78. Application of that standard requires an inquiry into the actual performance of counsel in conducting the defense and a determination whether reasonably effective assistance of counsel was rendered based on the totality of the circumstances and the entire record, *United States v. Gray, supra*, at 887. When

---

1. On November 19, 1969, Carbo, represented by court-appointed counsel, pleaded guilty to a charge of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. The second count of the indictment, alleging concealment of a stolen motor vehicle in violation of 18 U.S.C. § 2313, was dropped. On January 9, 1970, in a separate action, Carbo pleaded guilty to a charge of interstate transportation of stolen property in violation of 18 U.S.C. § 2314. That same day he was sentenced to a four year term of imprisonment on the first conviction and a consecutive one year term on the second, the sentences being made subject to the provisions of 18 U.S.C. § 4208(a)(2) (pursuant to which the prisoner is eligible for parole at such time as the parole board may determine).

2. The district court concurred with and adopted the findings, conclusions, and recommendation of the Report and Recommendation of the United States Magistrate. Record on Appeal, 19–21.

a guilty plea is entered, the only required duty of counsel in rendering reasonably effective assistance is to ascertain if the plea is entered voluntarily and knowingly. *Jones v. Henderson*, 5 Cir. 1977, 549 F.2d 995, 997; *Herring v. Estelle, supra*, at 128; *Walker v. Caldwell*, 5 Cir. 1973, 476 F.2d 213, 218; *Lamb v. Beto*, 5 Cir. 1970, 423 F.2d 85, 87. The brevity of time spent in consultation with counsel does not, without more, establish ineffectiveness but instead is only a factor to be considered in the totality of the circumstances. *Jones v. Henderson, supra*, at 997; *Herring v. Estelle, supra*, at 128; *Doughty v. Beto*, 5 Cir. 1968, 396 F.2d 128, 130.

Here, appellant Carbo alleges only that counsel was appointed the same day he entered his guilty plea, that counsel discussed the case with him for only about five minutes before he entered his plea, and that counsel was not allowed adequate time to prepare for trial. In light of the clear standards outlined above, those allegations are insufficient, without more, to support a conclusion that appellant, in the totality of the circumstances, was deprived of reasonably effective assistance of counsel with the result that his guilty plea was not entered voluntarily and knowingly.

First, as the Magistrate stated, see note 2 *supra*, appellant has alleged no facts which would indicate that he was not guilty and did not voluntarily and knowingly plead guilty with a full understanding of the charges and the consequences thereof. In fact, the transcript of Carbo's pleas and sentencing clearly shows that he freely admitted his guilt and stated that his pleas were being entered freely and voluntarily without any threats or promises having been made to him and with a full understanding of what he was doing and the consequences thereof. Supp. Record on Appeal, 4–5, 9. Second, there is no allegation that the allegedly brief time spent on the case by Carbo's counsel resulted in any particular derogation of duty or any actual inadequacy in representation.[3] Third, Carbo's counsel did provide effective representation in that he succeeded in having one count of the first indictment dropped and in having sentences imposed pursuant to 18 U.S.C. § 4208(a)(2). Finally, even the allegation of inadequate time for counsel to prepare his case is undercut by the fact that some 51 days elapsed between the time of Carbo's guilty plea to the first indictment and his guilty plea to the second, when sentencing occurred. With respect to the second plea, Carbo certainly had sufficient time to consult with his attorney, and, in respect to the first plea, Carbo was entitled under Rule 32(d) of the Federal Rules of Criminal Procedure to move to withdraw his plea prior to sentencing.

In sum, on the record before us, there is nothing to indicate that appellant Carbo was denied the reasonably effective assistance of counsel. Hence, his motion was properly denied.[4]

AFFIRMED.

3. *Compare Herring v. Estelle, supra*, (involving guilty plea to robbery charge to which defendant had an obvious defense based on the definition of robbery under state law); *Cooks v. United States*, 5 Cir. 1972, 461 F.2d 530 (involving plea bargain whereby defendant pleaded guilty to one count in return for dismissal of five clearly unenforceable counts).

4. Appellant Carbo relies in his *pro se* brief on a line of Fourth Circuit cases which hold that a showing of late appointment of counsel constitutes a prima facie case of denial of effective assistance, so that the burden of proving lack of prejudice is shifted to the government. *Stokes v. Peyton*, 4 Cir. 1970, 437 F.2d 131, 136–37; *Fields v. Peyton*, 4 Cir. 1967, 375 F.2d 624, 628. *See also Garland v. Cox*, 4 Cir. 1973, 472 F.2d 875, 877–79; *Twiford v. Peyton*, 4 Cir. 1967, 372 F.2d 670. The Fourth Circuit rule, however, is not followed in this Circuit, which has consistently applied the "totality of the circumstances" approach. Furthermore, even if we were in this case to apply the Fourth Circuit presumption and shift the burden to the government to show lack of prejudice, we would have no trouble finding on the record before us that the government had met its burden.