**Homer Charles NEAL, Petitioner,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, Respondent.**

**No. 79–54–Civ–Oc.**

United States District Court,
M. D. Florida,
Jacksonville Division.

March 23, 1981.

Howard W. Skinner, Asst. Federal Public Defender, Jacksonville, Fla., for petitioner.

Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, Fla., for State of Florida.

## OPINION

CHARLES R. SCOTT, Senior District Judge.

Petitioner entered a plea of guilty to a robbery charge in 1968 and was sentenced to life in prison. He is presently on lifetime parole. In 1979, he petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction on two grounds, to-wit, that he was denied effective assistance of counsel and that his guilty plea was involuntarily induced by his counsel's promise that he would receive only a ten-year sentence.

▌ The petition was referred to United States Magistrate Harvey E. Schlesinger who held an evidentiary hearing and filed his Report and Recommendation December 18, 1980. The Magistrate concluded that petitioner was denied effective assistance of counsel and recommended that the petition be granted. Written objections were filed to the Report and Recommendation on January 13, 1981.[1] The Court is called upon to make a *de novo* determination of whether petitioner was denied effective assistance of counsel in connection with his decision to plead guilty.[2]

▌ Petitioner was 18 years old and had a seventh-grade education at the time he was charged with robbery in 1968. Petitioner's first meeting with his court-appointed counsel (hereinafter 'Counsel') occurred February 2, 1968, roughly one week subsequent to petitioner's arrest. The Court is fortunate enough to have a tape recording and transcript of this initial conference.[3] Counsel commenced the consultation by inquiring as to petitioner's age, education, and prior criminal record. Counsel

---

1. As the objections were not timely filed within Local Rule 6.02, Middle District of Florida, the Court is not obligated to consider them. Nevertheless, in the interest of justice, the Court will proceed as if the objections were properly filed and will make a *de novo* review as contemplated by 28 U.S.C. § 636(b)(1)(C).

2. The United States Magistrate found as a matter of fact that petitioner's counsel had not promised petitioner that he would receive only a ten year sentence. As this determination was based in part upon the demeanor of witnesses testifying at the evidentiary hearing (Report and Recommendation, at 3), the Court sees no reason to disturb it.

3. Respondents raised the defense of laches to Neal's habeas petition, which was filed almost 12 years subsequent to the events being challenged. As applied to habeas corpus actions, the equitable doctrine of laches is a valid defense only where the delay operates to prejudice the respondent's defense. *Lewellyn v. Wainwright*, 593 F.2d 15 (5th Cir. 1979); Rule 9(a), Rules Governing Section 2254 Cases in the United States District Courts. Prejudice from delay generally arises from the fact that evidence has disappeared or grown stale with the passage of time. It cannot be said that respondent is prejudiced in the case *sub judice* where the discussion that constitutes the focal point of the dispute has been fully and accurately recorded and preserved and where all of

told petitioner he was charged with robbery and possession of stolen property, informing him that he could receive a sentence of life in prison on the robbery charge. The following exchange then took place:

Counsel: Well, as I told Jimmie, there isn't much of a defense I have. You've got a right to a jury trial.

Petitioner: Well, do you think a jury would be the best.

Counsel: No, I don't see, in other words, as I've explained to Jimmie, the people can identify you. You ran, Jimmie got shot.

Petitioner: Well, we know we're guilty of it, that's alright.

Counsel: And you've signed statements. Well, I don't have any defense to that. I think you'd both be better off overall, let's face a few facts. Not that the Judge is going to be prejudiced or penalize you for taking advantage of your right to jury trial, but when it's such an obvious case, why waste the time of a jury and reporter and everybody else.

(TR. 3–4)

Counsel informed petitioner that he faced a maximum sentence of life in prison, but stood a "good chance" of facing ten years. Petitioner decided to plead guilty and the discussion turned to the topic of a presentence investigation. Petitioner was opposed to a presentence investigation report because he had a prior criminal record as a juvenile. Counsel told petitioner that the judge could order a presentence investigation if he wanted to, but that Counsel would not request one.[4] The entire consultation between petitioner and Counsel lasted approximately ten minutes.[5]

The testimony of petitioner and Counsel at the evidentiary hearing, which testimony was corroborated by the tape recording of their February 2, 1968, conference, established the following facts pertaining to counsel's representation of petitioner:

(1) Counsel learned of the basic facts surrounding petitioner's case from talking with investigative officers, but never personally investigated the case.

(2) Counsel was aware petitioner had made a written confession, but never saw the confession and never inquired as to the circumstances under which it was obtained.[6]

(3) Counsel never informed petitioner of the elements of the crime of robbery or of the fact that the state had the burden to prove those elements beyond a reasonable doubt.

(4) Counsel never discussed any possible defenses petitioner might have had to the charges against him.[7]

(5) Counsel never discussed with petitioner the circumstances surrounding his arrest.

(6) Counsel never informed petitioner of his right to a preliminary hearing.

(7) Counsel never informed petitioner that a potential conflict of interest existed in his dual representation of petitioner and co-defendant Jimmie Davis.

the parties concerned testified at the evidentiary hearing.

4. At arraignment, Counsel, over petitioner's objection, requested a presentence investigation immediately following entry of the guilty plea.

5. The only other contact petitioner had with Counsel was a short discussion outside the courtroom immediately prior to entering the plea of guilty.

6. Petitioner testified that the statement was made involuntarily out of concern for co-defendant Jimmie Davis who had been shot during the robbery. He claims he initially refused to say anything at all, but was told he would be

taken to the hospital to see Davis only if he signed a statement. The Court does not adopt this as fact. It is pointed out only for the purpose of demonstrating that some inquiry should have been made into the circumstances surrounding the signing of the statement rather than simply concluding, "And you've made statements. Well, I don't have any defense to that."

7. Counsel never inquired as to petitioner's mental condition although petitioner had been treated by a psychiatrist prior to the robbery and spent time in a mental institution on two separate occasions subsequent to the robbery.

(8) Counsel never attempted to negotiate a plea bargain on petitioner's behalf.

■ At the evidentiary hearing, the State emphasized that petitioner signed a "Waiver of Trial" form during his consultation with Counsel which read as follows:

I, Defendant herein, having been advised of the nature of the charges pending against me, the statutory offenses included within such charges, the range of allowable punishments thereunder, possible defenses to the charges, circumstances in mitigation thereof, and all other facts essential to a broad understanding of the charges against me, do hereby freely and voluntarily waive my rights to a trial by jury or trial before the Court and expressly request the Public Defender to enter a plea of guilty in my behalf.

This exhibit serves only to call into question the validity of such waiver forms. It is undisputed that petitioner was *not* advised of the nature of the charges pending against him.[8] He was *not* advised of possible defenses to the charges. He was *not* advised of circumstances in mitigation thereof. He was *not* advised of all other facts essential to a broad understanding of the charges. Consequently, he did *not* freely and voluntarily waive his right to a jury trial.

■ The Sixth Amendment guarantees the right of counsel to persons accused of serious crimes. It contemplates not simply the illusion of counsel, but counsel in substance. It does not require faultless counsel, but it does require counsel to function as more than a mere ornament, a seal of superficial legitimacy affixed to our criminal justice system. The right exists to protect and defend the basic constitutional rights guaranteed to all citizens, guilty or innocent. The notion that the right of counsel in a criminal case is a luxury available only to those who can afford to pay the price was abandoned long ago. It is now recognized that the assistance of counsel is necessary to ensure a fair trial of the accused. It is well established that such assistance must be *effective* in order to satisfy the mandate of the Sixth Amendment. *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

■ The standard employed in this circuit in assessing the effective assistance of counsel is whether the attorney was likely to render and did in fact render reasonably effective assistance. *Herring v. Estelle,* 491 F.2d 125, 127 (5th Cir. 1974); *MacKenna v. Ellis,* 280 F.2d 592, 599 (5th Cir.), *cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1960). Although it is easier to satisfy this standard in the context of a guilty plea than in a trial, counsel still must render competent service. *Herring v. Estelle, supra,* at 128; *see Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). The lawyer's primary duty in counseling a client to enter a guilty plea is to ensure that the plea is entered knowingly and voluntarily. *Jones v. Henderson,* 549 F.2d 995, 997 (5th Cir. 1977); *Herring v. Estelle, supra,* at 128; *Lamb v. Beto,* 423 F.2d 85, 87 (5th Cir.), *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970). In carrying out this duty the lawyer must actually and substantially assist his client in making the decision whether or not to plead guilty. *Mason v. Balcom,* 531 F.2d 717, 724 (5th Cir. 1976); *Walker v. Caldwell,* 476 F.2d 213, 224 (5th Cir. 1973). A guilty plea cannot be considered knowing or voluntary unless the defendant possesses an understanding of the law in relation to the facts. *Mason v. Balcom, supra,* at 724; *Herring v. Estelle, supra,* at 128; *Walker v. Caldwell, supra,* at 218; *see McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969). If the quality of counsel's representation falls below a certain minimum level, the client's guilty plea will not be deemed to have been entered knowingly and voluntarily. *Mason v. Balcom, supra,* at 724; *Herring v. Estelle, supra,* at 128.

---

**8.** The Court interprets "nature of the charges" to include not merely a statement as to the label attached to the crime, e. g., robbery, but also an explanation of the elements of the crime.

In the instant case, it is clear that Counsel's representation of petitioner fell below that minimum level. The deficiencies in Counsel's services to petitioner are set out *supra.* Considered individually, most of these shortcomings would not support a finding of ineffective assistance of counsel. For example, the fact that Counsel spent only ten minutes with petitioner would not, in and of itself, render Counsel's assistance ineffective for it has been held that the brevity of time spent in consultation is but one factor to be considered. *Carbo v. United States, 581 F.2d 91, 93 (5th Cir. 1978);* Jones v. Henderson, supra, at 997; Doughty v. Beto, *396 F.2d 128, 130 (5th Cir. 1968). Similarly, it has been held that a failure to explore all possible defenses will not automatically lead to a finding of ineffective assistance.* Jones v. Henderson, supra, at 997.

Nevertheless, under the totality of circumstances approach, which has consistently been applied in this circuit, the Court is required to evaluate the assistance of counsel based upon the entire record before it. *Carbo v. United States, supra,* at 92; *United States v. Gray,* 565 F.2d 881, 887 (5th Cir. 1978). The record reflects that Counsel in this case failed to provide any assistance whatsoever, much less effective assistance. He more or less convinced petitioner that he should plead guilty rather than "waste the time of a jury and reporter and everybody else," concluding without inquiry that there was no possible defense. He never attempted to bargain with the prosecutor for a reduced charge.

Even disregarding the numerous failings which, when considered separately, might not warrant a finding of ineffective assistance, at a minimum Counsel should have informed petitioner of the elements of the crime with which he was charged. An accused cannot enter a knowing and voluntary guilty plea if he does not understand the "*meaning* of the charge, and what acts amount to being *guilty* of the charge . . . ." *Jones v. Henderson, supra,* at 997, *quoting Edwards v. United States,* 256 F.2d 707, 710 (D.C.Cir.1958) (Burger, J.)

Consider the case of a young man who, while walking down the street one night, spies a set of car keys conveniently left in the ignition of a new sports car. He jumps in the car, cranks it up and zooms away into the night. He is stopped by a police officer for running a red light and ends up being charged with the common law crime of larceny. Counsel for accused is aware that the accused did in fact take the car, without permission of the owner. He tells the accused: "You did this. There is no defense. I recommend that you plead guilty." The accused pleads guilty. What failed to come to light was that the accused had intended to return the car to where he found it after a brief joy ride around town. This lack of intent to permanently deprive the owner of possession of the car would negate one of the critical elements of the crime of larceny. The failure of counsel to inform the accused of the elements of the crime led to the entry of a guilty plea which could in no way be considered knowing and voluntary. *See Herring v. Estelle, supra,* for a roughly analogous set of facts.

In this particular case, it is likely that petitioner was, in fact, guilty as charged, but this should not change the result. We have not yet reached the point where the constitutional protections afforded to persons accused of crimes are reserved solely to the clearly innocent. Ours is an adversary system and the foundation of that system is the presumption of innocence. The government is required to prove guilt beyond a reasonable doubt and until this has been done all persons suspected of crimes are to be treated alike with respect to the law of criminal procedure stemming from the Bill of Rights.

Under the totality of circumstances, the Court finds that petitioner was not afforded effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. Accordingly, the writ of habeas corpus will issue. The State of Florida will have the option of trying petitioner in which case he will be given an opportunity to replead.

IT WILL BE SO ORDERED.