993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin F. WILHITE Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-6452.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1993.
 
 1
 Before GUY and NELSON, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner, Marvin Wilhite, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In May 1989, a jury convicted Wilhite of possession of cocaine with intent to distribute; he was sentenced to eighty-eight months imprisonment. Prior to trial, the court denied Wilhite's motion to suppress evidence seized from a BMW. On appeal, the Sixth Circuit affirmed Wilhite's conviction, as well as the denial of the motion to suppress.
 
 
 4
 In his motion to vacate sentence, Wilhite argued that he received ineffective assistance of counsel because counsel: a) was not prepared to conduct the voir dire; b) failed to reasonably investigate information provided by Wilhite, and to interview alibi witnesses; c) did not act in Wilhite's best interest when he vouched for a prosecution witness; d) advised Wilhite to plead guilty to a charge in state court; e) misjudged the importance of a radiator receipt containing Wilhite's name; f) failed to object to a witness's statement that he was personally familiar with drugs being stored in a BMW driven by Wilhite; g) failed to object to the prosecution's introduction into evidence of drugs found in Wilhite's apartment, even though those drugs were not charged in the indictment; h) failed to ask for Jencks material before the prosecution's witness took the stand; i) failed to let Wilhite speak to his probation officer in connection with preparation of the presentencing investigation report; and j) failed to evaluate the prosecution's case for the purpose of advising Wilhite to plead guilty. In his second ground for relief, Wilhite argued that he was denied procedural due process and that his equal protection rights were violated because the officers who arrested him referred him for federal rather than a state prosecution.
 
 
 5
 The district court denied the motion as frivolous. Thereafter, Wilhite filed a motion for reconsideration arguing that his counsel denied him the right to testify at trial. The district court denied the motion.
 
 
 6
 On appeal, Wilhite continues to press the arguments asserted in grounds 1(b), 1(c), 1(f), 1(g), and 1(j), his due process claim, and his claim that counsel prevented him from testifying. Additionally, Wilhite argues that counsel failed to object to the admission of an oral statement allegedly made by Wilhite, even though it was not disclosed during discovery. Wilhite has also filed a motion for release from custody pending appeal.
 
 
 7
 Upon review, we affirm the district court's judgment because Wilhite has not shown any defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 8
 Initially, it is noted that Wilhite has not raised the issues asserted in grounds 1(a), 1(d), 1(e), 1(h), and 1(i). Issues which were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). Therefore, these claims are considered abandoned and will not be reviewed.
 
 
 9
 Wilhite's argument that counsel failed to object to the admission of a statement allegedly made by Wilhite was not raised in the district court, and he has not pleaded any exceptional circumstances that would require this court to address the merits of this claim. Therefore, we will not review it. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 10
 Wilhite did receive effective assistance of counsel. Wilhite has not established that counsel's performance was deficient, and that the deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Nor has he shown that counsel's performance fell outside the wide range of reasonable professional assistance, and that it fell below an objective standard of reasonable conduct, see Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991), or that counsel was unfamiliar with the facts and law applicable to his case. See Herring v. Estelle, 491 F.2d 125, 128 (5th Cir.1974).
 
 
 11
 Finally, Wilhite's due process claim was properly dismissed as there is no indication that the federal prosecutor simply rubber-stamped Wilhite's case for prosecution. See United States v. Smith, 966 F.2d 1045, 1049 (6th Cir.1992); see also Abbate v. United States, 359 U.S. 187, 194-95 (1959).
 
 
 12
 Accordingly, we deny Wilhite's motion for release from custody pending appeal, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, U.S. District Judge for the Southern District of Ohio, sitting by designation